IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Calvin L. Gaddy,<br><br>                          Plaintiff,<br><br>vs.<br><br>State of South Carolina, Ex. Solicitor Douglas A. Barfield Jr.; Attorney General; US State Magistrate Judge; Sheriff Barry S. Faile, Sheriff for Lancaster County; Lancaster County Clerk of Court, Jeff Hammond; Esquire Attorney General, Alan McCory Wilson ,<br><br>                         Defendants. | C/A No. 0:23-cv-1263-JFA-JDA<br><br>**ORDER** |

      Calvin L. Gaddy ("Plaintiff"), a state prisoner proceeding *pro se*, brings this civil action alleging violations of his constitutional rights. After filing his Complaint, Plaintiff filed a motion requesting leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (ECF No. 2). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

      After reviewing the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's motion to proceed IFP should be denied. (ECF No. 9). The Report sets forth, in detail, the relevant

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on April 14, 2023. (ECF No. 12). Thus, this matter is ripe for review.

## I.     STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## II.    DISCUSSION

Within the Report, the Magistrate Judge states that Plaintiff is barred from proceeding IFP due to the "three strikes" rule contained in 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Magistrate Judge correctly concluded that Plaintiff has filed at least three prior lawsuits[2] which count as "strikes" under this provision.

1. *Gaddy v. U.S. District Court Columbia*, No. 0:18-cv-1445, ECF No. 15 (D.S.C. July 9, 2018) (strike because case dismissed as frivolous), *aff'd*, 745 F. App'x 507 (4th Cir. 2018);

2. *Gaddy v. State of South Carolina*, No. 0:16-cv-1335, ECF No. 20 (D.S.C. Aug. 9, 2016) (strike because case dismissed as frivolous);

---

[2] The Magistrate Judge also noted that Plaintiff has filed at least fourteen cases in this Court and several others not discussed herein also qualify as strikes under the PLRA.

3. *Gaddy v. S.C. Dep't of Corr. Office of Gen. Counsel*, No. 8:15-cv-2772, ECF No. 25 (D.S.C. Feb. 11, 2016) (strike because case dismissed as frivolous), *aff'd*, 667 F. App'x 798 (4th Cir. 2016).

Accordingly, Plaintiff cannot proceed IFP unless his claim satisfies the exception for imminent physical harm provided by the three strikes rule. *See* 28 U.S.C. § 1915(g). The Magistrate Judge concluded that Plaintiff has failed to allege he is in any imminent danger.

In response to the Report, Plaintiff filed several pages of "objections." (ECF No. 12). However, Plaintiff's submission, much like his original complaint, is difficult to decipher as it contains a litany of disjointed statements peppered with citations to unrelated legal authorities and exhibits which have no bearing on the Magistrate Judge's recommendations. It also contains general conclusory allegations expressing dissatisfaction with the Report but provides no factual or legal argument which would constitute a specific objection. For instance, in his first objection titled "reason #1," Plaintiff states:

> "State of South Inmate: has clearly Established in United State district courts preponderance exhibit of evidence: he's never been legal indicted, by (a) Lancaster County Grand Jury in August 2007 terms of General Session Court. To: Contest illegally incarceration that 'is' (A) 'imminent death 'danger' of serious injury matter: The United State district court continuous ignore the merits of material facts: what at 'stake' to go 'public' 'interest' after maxing out in 2028."

(ECF No. 12 at 1)(typed as it appears in the original). These statements fail to constitute a specific objection or otherwise point to an error in the Report.

4

Additionally, it appears Plaintiff attempts to invoke the imminent danger exception as he states, "imminent danger, injury of further injury serious physical injury can occur at any time that the named defendants are still 'liable' of any 'irreparable injury cause' under illegally unconstitutional prison overcrowded…" (ECF No. 12 at 2)(typed as it appears in the original). However, the overcrowding of a prison, alone, fails to demonstrate a risk of imminent danger to Plaintiff's safety or livelihood. Accordingly, Plaintiff has failed to allege any facts or otherwise to show any imminent danger which would warrant an exception to 28 U.S.C. § 1915(g). An "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Again, these statements fail to show any error in the Report.

Accordingly, Plaintiff's motion to proceed IFP must be denied. Plaintiff may still pursue the claims in his Complaint however if he pays the full filing fee.[3] If Plaintiff does timely pay the full filing fee, his Complaint will then be subject to review by the Magistrate Judge to determine if service of process should be authorized. *See* 28 U.S.C. § 1915A.

### III.   Conclusion

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly,

---

[3] Effective May 1, 2013, the filing fee for a non-habeas civil action is four hundred dollars ($400).

this Court adopts the Magistrate Judge's Report and Recommendation and it is incorporated herein by reference. (ECF No. 9). Consequently, Plaintiff's motion to proceed IFP (ECF No. 2) is denied.

Plaintiff has twenty-one days from the date of this order to pay the filing fee of four hundred dollars ($402). If Plaintiff timely pays the fee, this action is to be sent back to the Magistrate Judge for further review. If Plaintiff fails to timely pay the fee, this Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is ordered to withhold judgment until the time for such payment expires.

IT IS SO ORDERED.

July 31, 2023                                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge